UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In the Matter of:

Case No. HK 10-01047

GARY M. VALLIER,

    Debtor.

_____/

### ORDER CONDITIONALLY REOPENING CHAPTER 7 CASE

*At a session of said court of bankruptcy, held in and for said district.*

    *PRESENT:*    HONORABLE JEFFREY R. HUGHES
                         *United States Bankruptcy Judge*

        On April 30, 2013, the Debtor filed a Motion to Reopen stating that he inadvertently omitted one or more creditors from the schedules filed in this case, and requesting an order reopening this case for the purpose of adding the omitted creditor(s). Presumably the Debtor's objective in adding the creditor(s) to the schedules is to discharge the underlying debt. Simply adding an omitted creditor to the schedules, however, will not accomplish that objective. Zirnhelt v. Madaj (In re Madaj), 149 F.3d 467 (6th Cir. 1998). Thus, reopening this case for the purpose of entertaining the Debtor's motion is pointless, unless there is an issue of nondischargeability pursuant to 11 U.S.C. §§ 523(a)(2), (4) and (6). To obtain such a determination, Fed. R. Bankr. P. 7001(6) requires the timely filing of an adversary proceeding.

        NOW, THEREFORE, IT IS HEREBY ORDERED that the Debtor's request to reopen this case is conditionally granted. The case will be reopened only if, within 60 days from the date of service of this Order, the omitted creditor files with the Clerk of the United States Bankruptcy Court an adversary proceeding objecting to dischargeability pursuant to 11 U.S.C. § 523(a)(2), (4), or (6). Accompanying that Complaint shall be the proper filing fee and an affidavit from the omitted creditor stating with particularity the date the omitted creditor first learned of Debtor's bankruptcy. If the omitted creditor does not timely file a nondischargeability complaint, the Debtor's motion shall be denied as moot, and the omitted debt will be deemed discharged pursuant to Madaj without further order of the Court provided that the debt would otherwise have been discharged had the omitted creditor been included in Debtor's schedules when those schedules were originally filed. If the omitted creditor timely files an adversary proceeding, the Debtor's motion to reopen shall be granted without further order of the Court. Unless the reopening fee has already been paid, the reopening fee shall be deemed waived because the reopening relates to the discharge of the Debtor.

     IT IS FURTHER ORDERED that a copy of this Order shall be served by first-class United States mail upon the Debtor, Debtor's counsel, and each of the omitted creditors.

### [END OF ORDER]

A copy of this order has been returned to **Joseph C. McCully, Esq., Esq.**, for service by mail or other permitted method upon those other parties not served by the CM/ECF electronic notification procedure.

**Signed: May 1, 2013**



Hon. Jeffrey R. Hughes
United States Bankruptcy Judge